# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Nancy Carroll Means, | ) | |
| | ) | |
| Plaintiff, | ) | 3:14-cv-00091 JWS |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| David Burns and the | ) | |
| Municipality of Anchorage, | ) | [Re: Motions at dockets 10, 13 & 16] |
| | ) | |
| Defendants. | ) | |

## I.  MOTIONS PRESENTED

This order addresses three motions.  At docket 10 defendants David Burns and the Municipality of Anchorage (collectively "Defendants") move to compel plaintiff Nancy Carroll Means ("Means") to respond to discovery requests served on March 28, 2014.  The motion seeks an award of costs.  Various exhibits are attached to the motion, and it is supported by a memorandum at docket 11 and the Affidavit of Defendants' lawyer Pamela Weiss at docket 12.  Means filed no response.  In the second motion at docket 13 Defendants ask the court to compel Means to attend her deposition and also seek sanctions for failure to attend a previously noticed deposition.  Again, various exhibits are appended to the motion.  A supporting memo is at docket 14, and another affidavit from defense counsel is at docket 15.  Means responds at docket 21 and

provides the affidavit of her lawyer Kevin Brady at docket 23. Defendants reply at docket 25. The third motion at docket 16 asks the court to enforce a protective order earlier agreed upon and asks for sanctions. A copy of the agreed protective order approved by Superior Court Judge McKay prior to removal of the case to this court is appended as an exhibit. A memorandum in support of the motion is at docket 17. Means' response is at docket 22. Defendants' reply is at docket 28.

Oral argument was not requested with respect to any of the motions.

## II.  BACKGROUND

Means commenced this lawsuit in state court. It was timely removed to this court on the basis that the amended complaint included a claim based on federal law. In her amended complaint, Means pleads state law claims of false arrest and false imprisonment, defamation, and intentional infliction of emotional distress, and a violation of her right to privacy. In addition, she pleads a claim for deliberate interference with her state and federal constitutional rights. She also asks for a declaratory judgment to support an order from the court requiring defendant Municipality to seal the record of the criminal case filed against Means arising from her arrest. Finally, Means seeks an award of punitive damages against defendant Burns based on his allegedly outrageous behavior. Defendants deny liability on all claims.

## III.  DISCUSSION

**A. Motion at docket 10**

In the motion at docket 10 Defendants ask the court to compel Means to respond to the discovery requests served on March 28, 2014, and to award of $594 as the costs

of making the motion.  Means has not responded.  Upon examination the motion is found to have merit.  Accordingly, the motion will be granted, and the requested costs will be awarded.

**B.  Motion at docket 13**

The motion at docket 13 asks the court to compel Means to attend her deposition and to award costs in the total amount of $660, consisting of $110 in costs incurred in attending the deposition at which Means failed to appear, and $550 in costs for preparing the motion itself.  In her opposition Means agrees to attend a deposition in September.  She also points to some extenuating circumstances and suggests that under all of the circumstances an award of one-half of the costs requested by Defendants would be appropriate.  The court agrees.  The motion at docket 13 will be granted such that Means will be required to attend the September deposition, and Defendants shall recover costs of $330.  The court is not persuaded that any further sanction is warranted.

**C.  Motion at docket 16**

The gist of Defendants' concern is that Means used documents produced by Defendants and subject to the protective order to support her motion to amend her complaint while the case was in state court.  Means' response is in essence that the Defendants are attempting to prevent her use of relevant and important evidence showing that Burns' behavior was improper to prove her case.  However, the protective order does not go so far.  Rather, it provides that if Means wishes to use documents

which are the subject of the protective order at trial, she must first seek leave of the court to do so. If she obtains leave, the documents may be used as evidence.

This court cannot unring the bell rung in state court. Suffice it to say that Means shall make no further disclosure of the documents without first seeking leave of court. The court declines to impose sanctions for the use of the documents in state court.

## IV. CONCLUSION

For the reasons above;

(1) The motion at docket 10 is GRANTED as follows: (a) Means shall fully respond to Defendants' discovery requests served on March 28, 2014, within 21 days from the date of this order, and (b) Means shall tender payment of the sum of $594 to defense counsel within 21 days from the date of this order.

(2) The motion at docket 13 is Granted as follows: (a) Means shall attend and participate in her deposition now scheduled for September, and (b) Means shall tender payment of the sum of $330 to defense counsel within 21 days from the date of this order.

(3) The motion at docket 16 is Granted as follows: Means shall henceforth comply with the protective order agreed by the parties and approved by Judge McKay. The court declines to impose any sanction for Means' actions which took place in state court.

DATED this 19th day of August 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE